## Case No. 4,930.

### FORBUSH et al. v. BRADFORD et al.

[1 Fish. Pat. Cas. 317; [1] 21 Law Rep. 471.]

Circuit Court, D. Massachusetts. May, 1858.

Causten Browne, for complainants.

T. A. Jenckes and A. Payne, for defendants.

CURTIS, Circuit Justice. In acting on applications for temporary injunctions to restrain the infringement of letters patent, there is much latitude for discretion. The application may be granted or refused unconditionally, or terms may be imposed on either of the parties as conditions for making or refusing the order. And the state of the litigation, where the plaintiffs' title is denied, the nature of the improvement, the character and extent of the infringement complained of, and the comparative incon-

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

venience which will be occasioned to the respective parties, by allowing or denying the motion, must all be considered in determining whether it should be allowed or refused; and if at all, whether absolutely or upon some and what conditions. In this case, the thing patented is an improvement on a loom. The loom itself is not claimed; but only a particular modification of a loom previously in use.

The defendants in these cases do not make and sell looms having the patented improvement; they only use in their mills certain numbers of such looms. The complainants are makers of looms, but do not use them. So that this particular mode of infringement by the use of the thing patented, though it is a violation of the exclusive right claimed by the complainants, does not deprive them of a monopoly which they desire to retain in their own hands, because practically, it deprives them only of what they would be entitled to receive for a license to use the thing patented. Nor does it, like the manufacture and sale of the thing patented, constantly widen the field of litigation, and render it more and more difficult for the complainants to vindicate their rights.

On the other hand, the defendants can not be prohibited from using the thing patented without being at the same time deprived of the use of the entire loom. For though it is possible to alter their looms, and work them without the patented improvement, it is shown that in the present state of the business, and while the litigation is pending, no prudent man would do this. The practical effect of an injunction would therefore be to stop all these looms, and thus deprive the defendants of the use of a large amount of capital lawfully invested, and which they have the right to the benefit of; and it would also throw out of employment a large number of operatives who are now engaged in running the looms, and in the processes of manufacture which depend upon their use. All this would not prevent the court from granting an injunction, if the right had been finally established at law. But a bill of exceptions has been taken, upon points which involve the validity of the patent. This, again, does not present an insuperable objection to a temporary injunction. This court is bound to exercise its own judgment upon the questions involved in the bill of exceptions, with a view to see whether the litigation that remains, presents such serious doubts concerning the title as ought to influence its judgment in granting or withholding the injunction. I can conceive of many cases in which a temporary injunction ought to issue, where there has been a trial at law, and a bill of exceptions taken, even though serious questions are raised, upon which the court of errors may reverse the judgment. See Bridson v. Benecke, 12 Beav. 1. And a fortiori when the court that tried the cause, and is applied to for an injunction, is fully

satisfied of the correctness of its judgment. But even in such a case, when the bill of exceptions is not merely frivolous, as the litigation is not in fact terminated, and its result may be adverse to the complainants' title, it is necessary for the court to contemplate that as a possible result, and look at the consequences, in that event, of allowing or refusing the injunction. See Bridson v. McAlpine, 8 Beav. 229.

Upon the particular facts of these cases I am of opinion an injunction should issue, unless within ten days after notice of the order, the defendants shall give a bond with sufficient surety, to be judged of by the clerk of this court, conditioned to keep an account of the quantity of cloth made on each of the looms in question, and to file such account under oath, once in three months, in the clerk's office of this court, and to pay the amount of any final decree in the cause. And also, that neglecting for the space of ten days to file such account, an injunction should issue.

It has been suggested that, as it appears this manufacture is not at present carried on to any profit, the complainants will receive no compensation for the use which may be made of their invention. But I apprehend that the account to which the complainants may be entitled, will not be of the general profits of the business, but of the profit made by using the patented improvement, in place of some other method of manufacture not patented. And if they shall so elect, they may waive an account of profits, and bring their action at law for damages.